```
UNITED STATES DISTRICT COURT                    ECF
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
THE UNION CENTRAL LIFE INSURANCE     :  11 Civ. 2890 (GBD) (JCF)
COMPANY, AMERITAS LIFE INSURANCE     :
CORP., and ACACIA LIFE INSURANCE     :
COMPANY,                             :        MEMORANDUM
                                     :        AND   ORDER
            Plaintiffs,              :
                                     :
    - against -                      :
                                     :
ALLY FINANCIAL, INC., RESIDENTIAL    :
FUNDING SECURITIES, LLC,             :
RESIDENTIAL CAPITAL LLC,             :
RESIDENTIAL FUNDING COMPANY LLC,     :
RESIDENTIAL ACCREDIT LOANS, INC.,    :
CITIGROUP, INC., CITIGROUP GLOBAL    :
MARKETS INC., CITIMORTGAGE, INC.,    :
CITIGROUP GLOBAL MARKETS REALTY      :
CORP., CITIGROUP MORTGAGE            :
SECURITIES, INC., CITIGROUP          :
MORTGAGE LOAN TRUST INC., DEUTSCHE   :
BANK SECURITIES INC., GOLDMAN        :
SACHS & CO., GS MORTGAGE SECURITIES  :
CORP., GOLDMAN SACHS MORTGAGE        :
COMPANY, HSBC SECURITIES (USA)       :
INC., INDYMAC RMBS, INC., MORGAN     :
STANLEY, MORGAN STANLEY & CO.        :
INCORPORATED, MORGAN STANLEY         :
CAPITAL I INC., RBS SECURITIES,      :
INC., SUNTRUST CAPITAL MARKETS,      :
INC., UBS, AG, UBS SECURITIES LLC,   :
MORTGAGE ASSET SECURITIZATION        :
TRANSACTIONS, INC., WAMU CAPITAL     :
CORP., WASHINGTON MUTUAL MORTGAGE    :
SECURITIES CORP., RANDAL COSTA,      :
DOUGLAS R. KRUEGER, BRUCE J.         :
PARADIS, and DANIEL L. SPARKS,       :
                                     :
            Defendants.              :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The plaintiffs, Union Central Life Insurance Company, Ameritas Life Insurance Company, and Acacia Life Insurance Company, have brought this action alleging that the defendants violated the Securities Exchange Act of 1934 (the "Exchange Act") and engaged in state common law fraud in connection with the sale of twenty-one residential mortgage-backed securities ("RMBS") between 2005 and 2007. Currently, all discovery is stayed pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") until the defendants' pending motions to dismiss are resolved. The plaintiffs now move to commence discovery with respect to their state law claims against those defendants against whom they have asserted no cause of action under the Exchange Act.

Background

On April 28, 2011, the plaintiffs filed this action alleging state common law and federal securities claims arising out their purchases of twenty-one separate residential mortgage-backed securities ("RMBS") between 2005 and 2007. (Amended Complaint, Exh. 1). The defendants include "the sponsors, depositors, and underwriters of these RMBS, as well as certain of their affiliates and current or former officers and/or directors." (Memorandum in Support of Plaintiff's Motion to Commence Limited Discovery from Defendant UBS, Washington Mutual and Morgan Stanley Concerning State Law Claims ("Pl. Memo.") at 2). The plaintiffs have raised

claims both for common law fraud against all of the defendants and for violations of Sections 10(b), 20(a), and 20(b) of the Exchange Act against a subset of the defendants.

On June 1, 2012, the plaintiffs moved to commence discovery against three groups of the defendants: (1) Morgan Stanley, Morgan Stanley & Co. Inc., and Morgan Stanley Capital I Inc. (collectively "Morgan Stanley"); (2) Washington Mutual Mortgage Securities Corp., WaMu Capital Corp., and Washington Mutual, Inc. (collectively "Washington Mutual"); and (3) Mortgage Asset Securitization Transactions, Inc., and UBS AG (collectively "UBS").  What unites all three groups of defendants is the fact that the plaintiffs have alleged only state common law fraud, rather than violations of the Exchange Act, against each of them.

In support of their motion, the plaintiffs raise three arguments for permitting discovery to proceed against Morgan Stanley, Washington Mutual, and UBS: (1) that the PSLRA stay should not apply to state law claims where no parallel Exchange Act claim is asserted (Pl. Memo. at 4-5), (2) that the presence of Exchange Act claims against other defendants is not a valid basis for extending the stay to include defendants against whom they assert only state law claims (Pl. Memo. at 6-9), and (3) that the PSLRA's stay provision was not intended to apply to individual, rather than class action, securities claims (Pl. Memo. at 9-10).  The

defendants respond first that, in light of the PSLRA's broad language and the relevant case law, its automatic stay applies to the entire action. (Opposition to Plaintiff's Motion to Commence Discovery From Defendants UBS, Morgan Stanley and Washington Mutual ("Def. Memo.") at 2, 6-12). Second, they argue that even if the PSLRA did not stay discovery with respect to the plaintiff's state law claims, a stay under Rule 26(c) of the Federal Rules of Civil Procedure would be proper. (Def. Memo. at 3, 12-15).

<u>Discussion</u>

The PSLRA provides, in relevant part, that "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). Thus, the PSLRA "creat[es] a strong presumption that <u>no</u> discovery should take place until a court has affirmatively decided that a complaint <u>does</u> state a claim under the securities laws, by denying a motion to dismiss." <u>Podany v. Robertson Stephens, Inc.</u>, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004). As a result, "courts have broadly construed the scope of the [PSLRA] stay provision." <u>Gardner v. Major Automotive Cos.</u>, No. 11 CV 1664, 2012 WL 1230135, at *3 (E.D.N.Y. April 12, 2012).

Here, the plaintiffs argue that because they have asserted no Exchange Act claims against UBS, Washington Mutual, or Morgan Stanley, the PSLRA "is simply inapplicable," and that it "does not

4

prevent discovery from proceeding against other defendants who have no independent basis for invoking the stay provisions." (Pl. Memo. at 4, 6). More specifically, the plaintiffs' argument depends on two propositions: first, that the question of whether the PSLRA stay applies should be resolved independently with respect to each defendant (Pl. Memo. at 6-7), and second, assuming it should be, that the stay does not apply with respect to those defendants against whom they have raised solely state law claims pursuant to this Court's diversity jurisdiction (Pl. Memo. at 8-9).

The plaintiffs' position is inconsistent with the plain language of the PSLRA, which "expressly applies to federal securities <u>actions</u> (not claims) arising under the [federal securities laws]." <u>Gardner</u>, 2012 WL 1230135, at *4. Moreover, "[t]here is simply nothing in either the text or the legislative history of the PSLRA that suggests that Congress intended to except federal securities actions in which there happens to be both diversity of citizenship and pendent state law claims." <u>In re Trump Hotel Shareholder Derivative Litigation</u>, No. 96 Civ. 7820, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997).

With respect to the issue of whether the reach of the PSLRA should be evaluated individually with respect to each defendant, the plaintiffs are correct that at least two "courts have held that despite pending motions to dismiss by certain parties, the PSLRA

does not prevent discovery from proceeding" in all circumstances. (Pl. Memo. at 6); see In re Lernout & Hauspie Securities Litigation, 214 F. Supp. 2d 100, 106 (D. Mass. 2002); Latham v. Stein, Nos. 6:08-2995, 6:08-3183, 2010 WL 3294722, at *3 (D.S.C. Aug. 20, 2010). The Lernout and Latham courts, however, permitted discovery to proceed with respect to the plaintiffs' claims against particular defendants only after denying those defendants' motions to dismiss. Lernout, 214 F. Supp. 2d at 106-07; Latham, 2010 WL 3294722, at *3. That is simply not the case here; none of the defendants' motions to dismiss, including those against whom the plaintiffs seeks discovery, have yet been decided.

Even if the plaintiffs were correct that applicability of the PSLRA stay should be evaluated with respect to each defendant individually, it would still apply to UBS, Washington Mutual, and Morgan Stanley. The plaintiffs rely primarily on Tobias Holdings, Inc. v. Bank United Corp., 177 F. Supp. 2d 162 (S.D.N.Y. 2001) for the proposition that extending the PSLRA stay to state law claims that "do not mirror the federal securities claims" would be "penaliz[ing plaintiffs] for bringing both [their] federal securities claims and related state common law claims in one federal action" and "would encourage a duplication of effort and serve as a disincentive for efficiency." Id. at 168. Other courts, however, generally have not followed Tobias Holdings. See

6

e.g., In re Adelphia Communications Corp., 293 B.R. 337, 355-56 (Bankr. S.D.N.Y. 2003) (declining to extend Tobias Holdings to case where all claims asserted by plaintiffs "were either claims under the federal securities laws or for one kind or another of fraud"); Gardner, 2012 WL 1230135, at *5 ("[T]his Court respectfully disagrees with the reasoning set forth in Tobias, and . . . finds that the text of the PSLRA supports a stay of discovery as to each of plaintiffs' claims."); Benbow v. Aspen Technology, Inc., No. Civ.A. 02-2881, 2003 WL 1873910, at *5 (E.D. La. April 11, 2003) (holding that Tobias Holdings did not render PSLRA's stay provision inapplicable to related state law claims even "[a]ssuming arguendo that the rationale underpinning [its] holding . . . stands on firm ground."). Moreover, in this district, Tobias Holdings is clearly in tension with In re Trump Hotel, which held that neither the text nor the legislative history of the PSLRA exempts from its stay federal securities actions that also include diversity of jurisdiction and pendent state law claims. See 1997 WL 442135, at *2.

   Not only is Tobias Holdings an outlier; by its own terms, it is inapplicable here because "the narrow question presented [there was] whether the PSLRA stays discovery with respect to [the] plaintiff's non-fraud state law claims where jurisdiction over such claims is based on diversity of citizenship." Tobias Holdings, 177

7

F. Supp. 2d at 164-65. Thus, Tobias Holdings "does not stand for the proposition that if the basis of federal jurisdiction could be found in diversity of citizenship, even where the state claims are closely tied to the federal claims, the PSLRA's discovery stay does not apply." Angell Investments, L.L.C. v. Purizer Corp., No. 01 C 6359, 2001 WL 1345996, at *2 (N.D. Ill. Oct. 31, 2001); see also In re Altera Corp. Derivative Litigation, No. C 06-03447, 2006 WL 2917578, at *1 (N.D. Cal. Oct. 11, 2006) ("[Tobias Holdings] stands for the proposition that the PSLRA discovery stay does not apply to non-fraud state law claims . . . unrelated to a plaintiff's federal securities fraud claims."). Even according to Tobias Holdings, a plaintiff's state law claims must be "separate and distinct" from its federal securities claims in order to escape the reach of the PSLRA. See Tobias Holdings, 177 F. Supp. 2d at 166-68. In Tobias Holdings, that included "separate and distinct breach of contract and tortious interference claims" in addition to fraud claims. Id. at 167.

In this case, by contrast, the plaintiffs allege that they "purchased the subject RMBS while relying on defendants' false and misleading statements and omissions regarding the quality of the underlying loans and the loan underwriting standards that had been used to screen and select the mortgage loans deposited into the RMBS trusts" and that the defendants "knew or recklessly

disregarded the falsity of their material misstatements when selling these RMBS" to the plaintiffs. (Pl. Memo. at 2). In other words, the plaintiffs here have alleged state law fraud claims that are not separate and distinct from their Exchange Act claims, but rather are closely intertwined.[1] See In re Adelphia Communications Corp., 293 B.R. at 355-56; In re Altera Corp., 2006 WL 2917578, at *1.

The mere fact that the plaintiffs could have chosen to bring their claims against UBS, Washington Mutual, and Morgan Stanley in a separate action does not provide a basis for lifting the stay against those defendants. The plaintiffs clearly perceived some advantage in choosing to bring these claims as part of a larger action that includes the Exchange Act defendants. Concurrent with that perceived advantage, they must accept the cost of their decision. "Having chosen to invoke . . . the Exchange Act,

---

[1] At oral argument, the plaintiffs contended that their state law fraud claims should be considered separate and distinct from their federal securities law claims because they are brought against different defendants. (Transcript of Oral Argument held Aug. 9, 2012 ("Tr.") at 7). Tobias Holdings, however, expressly permitted discovery to proceed only with respect to the plaintiffs' non-fraud state law claims. Tobias Holdings, 177 F. Supp. 2d at 164-65, 167 ("Plaintiff did not simply append state law securities fraud or common law fraud claims to its Complaint in order to bypass the stay."). Nothing in the language of that case supports the proposition that the PSLRA stay does not apply to state law fraud claims raised against different defendants in the same action.

plaintiffs are necessarily subject to the PSLRA." <u>In re Trump Hotel</u>, 1997 WL 442135, at *2.

Furthermore, maintaining a broad stay is especially appropriate in a case where, as here, the nature of the underlying transactions makes coordination among the defendants necessary. As defense counsel noted at oral argument, in RMBS cases defendants generally "coordinate closely" because "there are a lot of things that happen in the discovery process even before disputes are brought to the Court where all parties are involved, where negotiations are had with respect to the scope of certain document requests . . . .  There are negotiations over search terms and custodians . . . that are dealt with in a coordinated fashion among counsel." (Tr. at 30).  For example, if document discovery went forward in this case with respect to only some defendants, the remaining defendants would likely be forced to revisit the same disputes later but would be "prejudiced by the inertia that sets in" once determinations have been made in the initial round of discovery without their input.  (Tr. at 27).  Because of this, permitting discovery to proceed with respect to UBS, Washington Mutual, and Morgan Stanley would prejudice the other defendants against whom the plaintiffs have raised Exchange Act claims by effectively depriving them of the PSLRA stay.

Finally, although the plaintiffs are correct that the

legislative history of the PSLRA indicates that it was "was enacted to address perceived issues related to class actions" (Pl. Memo. at 9),[2] nothing in the language of statute limits its scope to class actions. Courts therefore routinely apply it to individual as well as class actions. See, e.g., In re Trump Hotel, 1997 WL 442135, at *1-2; Riggs v. Termeer, No. 03 Civ. 4014, 2003 WL 21345183, at *1 (S.D.N.Y. June 9, 2003); In re Altera Corp., 2006 WL 2917578, at *1; Linder v. American Express Co., No. 10 Civ. 2228, 2010 WL 4537819, *1 (S.D.N.Y. Nov. 9, 2010).

Conclusion

For the reasons discussed above, the plaintiffs' motion to commence limited discovery (Docket no. 157) is denied.

SO ORDERED.

*James C. Francis IV* (signature)
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       August 17, 2012

---

[2] See In Re Transcrypt International Securities Litigation, 57 F. Supp. 2d 836, 842 (D. Neb. 1999) (quoting 15 U.S.C. § 78a).

Copies mailed this date to:

Steven W. Pepich, Esq.
David Conrad Walton, Esq.
Ashley M. Price, Esq.
Darren J. Robbins, Esq.
John J. Stoia , Jr., Esq.
Scott H. Saham, Esq.
Thomas E. Egler, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Samuel Howard Rudman, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road
Suite 200
Melville, NY 11747

Susanna Michele Buergel, Esq.
Brad Scott Karp, Esq.
Bruce Birenboim, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

Scott Hu Christensen, Esq.
Hughes Hubbard & Reed LLP
1775 I Street, N.W., Suite 600
Washington, D.C. 20006

Christopher James Dunne, Esq.
David Maxwell Rein, Esq.
Jacob Eden Cohen, Esq.
Jason Donald Padgett, Esq.
Michael Thomas Tomaino, Jr., Esq.
Richard Howard Klapper, Esq.
Theodore Edelman, Esq.
William Randolph Arthur Kleysteuber IV, Esq.
Sullivan & Cromwell, LLP
125 Broad Street
New York, NY 10004

Thomas C. Rice, Esq.
Alan Craig Turner, Esq.
Juan A. Arteaga, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

Brian Stryker Weinstein, Esq.
Daniel Jacob Schwartz, Esq.
James P. Rouhandeh, Esq.
Mathew Scott Miller, Esq.
Paul Steel Mishkin, Esq.
Davis Polk & Wardwell L.L.P.
450 Lexington Avenue
New York, NY 10017

Michael Orth Ware, Esq.
S. Christopher Provenanzo, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019

Dan Foster Laney III, Esq.
James W. Cobb, Esq.
Jeffrey W. Willis, Esq.
Rogers & Hardin LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303-1601

Daniel Slifkin, Esq.
Michael A. Paskin, Esq.
J. Wesley Earnhardt, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

Damien J. Marshall, Esq.
Andrew Z. Michaelson, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022

Edward J. Normand, Esq.
Boies, Schiller & Flexner LLP
333 Main Street
Armonk, NY 10504

Jonathan M. Shaw, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Ave., NW
Washington, D.C. 20015

David E. Potter, Esq.
Lazare Potter & Giacovas llp
950 Third Avenue
New York, NY 10022