UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNION CENTRAL LIFE INSURANCE  :
COMPANY, AMERITAS LIFE INSURANCE  :
CORP., and ACACIA LIFE INSURANCE, :
                                               :   ORDER

                Plaintiffs,    :
                                               :   11 Civ. 2890 (GBD)

     -against-               :

ALLY FINANCIAL, INC., RESIDENTIAL :
FUNDING SECURITIES, LLC, RESIDENTIAL :
CAPITAL LLC, RESIDENTIAL FUNDING :
COMPANY LLC, RESIDENTIAL ACCREDIT :
LOANS, INC., CITIGROUP, INC., CITIGROUP :
GLOBAL MARKETS, INC., CITIMORTGAGE, :
INC., CITIGROUP GLOBAL MARKETS :
REALTY CORP., CITIGROUP MORTGAGE :
SECURITIES, INC. CITIGROUP MORTGAGE :
LOAN TRUST, INC., DEUTSCHE BANK :
SECURITIES, INC., GOLDMAN, SACHS & CO., :
GS MORTGAGE SECURITIES CORP., :
GOLDMAN SACHS MORTGAGE COMPANY, :
HSBC SECURITIES (USA) INC., INDYMAC :
RMBS, INC., MORGAN STANLEY, MORGAN :
STANLEY & CO., INC., MORGAN STANLEY :
CAPITAL I INC., RBS SECURITIES, INC., :
SUNTRUST CAPITAL MARKETS, INC., UBS :
AG, UBS SECURITIES LLC, MORTGAGE :
ASSET SECURITIZATION TRANSACTIONS, :
INC., WAMU CAPITAL CORP., WASHINGTON :
MUTUAL MORTGAGE SECURITIES CORP., :
RANDAL COSTA, DOUGLAS R. KRUEGER, :
BRUCE J. PARADIS, and DANIEL L. SPARKS, :
                                               :
              Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE B. DANIELS, District Judge:

     Plaintiffs, the Union Central Life Insurance Company, Ameritas Life Insurance Corp.,

and Acacia Life Insurance Company, bring this and a related action[1] seeking to recover losses

---

[1] See The Union Central Life Insurance Co. v. Credit Suisse (USA) LLC, 11 Civ. 2327 (GBD)

stemming from their purchase of residential mortgage-backed securities ("RMBS" or, the "Certificates") between 2005 and 2007. Plaintiffs allege that a number of Defendant financial institutions engaged in an industry-wide fraud to profit from the sale of RMBS to unsuspecting investors. Plaintiffs contend that Defendants, which include loan originators, depositors, and underwriters made materially false and misleading statements regarding the quality and riskiness of Certificates which Plaintiffs purchased, and that those statements were included in Registration Statements, Prospectus Supplements, and other documents filed with the United States Securities and Exchange Commission ("SEC"). Plaintiffs allege that each of the Defendants made misrepresentations about (1) originators' use of underwriting guidelines to originate the loans underlying the RMBS; (2) owner-occupancy rates of loan properties; (3) the appraisals of properties underlying the loans and corresponding LTV ratios; (4) borrowers' DTI ratios; and (5) the Certificates' investment ratings. Plaintiffs contend that they relied on Defendants' representations in purchasing the Certificates, and suffered considerable losses when the value of the all of their Certificates plummeted.

A number[2] of Defendants in this action have filed Motions to Dismiss the Amended Complaint. This Order addresses the pending motions of certain Underwriter Defendants.

**Defendant RBS Securities, Inc.**

Defendant RBS Securities, Inc. served as an underwriter in connection with Plaintiffs' purchase of Certificates from the RALI 2006-QS6 Trust. Plaintiffs assert claims against RBS Securities for common law fraud, aiding and abetting, unjust enrichment, and violations of Sections 10(b), 20(a), and 20(b) of the Exchange Act arising out of that transaction. Plaintiffs allege that RBS Securities, Inc. in its role as underwriter, drafted and disseminated the RALI

---

[2] All Defendants moved to dismiss except Indymac MBS, Inc.

2006-QS6 Offering Materials which contained the five categories of misrepresentations which Plaintiffs allege every Defendant in this litigation made.

Plaintiffs have not adequately alleged Exchange Act or common law fraud claims against Defendant RBS Securities because they have not pled any facts with particularity to demonstrate RBS Securities' scienter.[3] Plaintiffs alleged that RBS "knew, or was reckless in not knowing, of the defective loans … as a result of its due diligence," because it "was a knowledgeable insider in the mortgage securitization industry." Those allegations are wholly conclusory and do not meet the requirements of 9(b) or the PSLRA. Plaintiffs' allegation that RBS Securities had a motive to grow its profits, is also totally insufficient to demonstrate scienter. Plaintiffs' citation to a number of lawsuits and government investigations involving RBS Securities provides no evidence of scienter.

Plaintiffs' aiding and abetting and unjust enrichment claims against RBS Securities also fail. With respect to Plaintiffs' unjust enrichment claim, Plaintiffs have plead no facts to demonstrate any culpable conduct on the part of RBS Securities demonstrating that RBS Securities benefited at Plaintiffs' expense. With respect to RBS Securities' aiding and abetting claim, Plaintiffs have pled no facts demonstrating that RBS had knowledge of an existing fraud and substantially assisted in that fraud.

### Defendant Sun Capital Markets

Defendant Sun Trust Capital Markets ("SCM") acted as a co-underwriter in connection with Plaintiffs' purchase of Certificates from the MASTR Asset Securitization Trust 2006-1. Plaintiffs assert claims against Sun Trust Mortgage for common law fraud, aiding and abetting, and unjust enrichment arising out of that transaction. Plaintiffs allege that SCM in its role as

---

[3] In dismissing the claims against the underwriter defendants based on scienter, this Court declines to address the other grounds for dismissal in Defendants' moving papers.

underwriter, drafted and disseminated the MASTR 2006-1 Offering Materials which contained the five categories of misrepresentations which Plaintiffs allege every Defendant in this litigation made.

Plaintiffs have not adequately alleged common law fraud claims against Defendant SCM because they have not pled any facts with particularity to demonstrate SCM's acts or intent to deceive Plaintiffs. As with RBS Securities, Inc., Plaintiffs plead conclusorily that SCM "knew or was reckless in not knowing" that the mortgages pooled into the Trust had failed to meet underwriting standards because of due diligence it performed. Plaintiff allege that SCM had access to loan tapes and knew that a corporate affiliate, Sun Trust Mortgages, had bad loan origination practices. Plaintiff also alleges with no supporting facts that SCM had awareness of the bad loans in the Trust because SCM and its affiliates participated in the widespread process of securitizing and selling toxic loans. These conclusory allegations cannot support Plaintiff's common law fraud claim.

Plaintiffs aiding and abetting and unjust enrichment claims against SCM also fail. With respect to Plaintiffs' unjust enrichment claims, Plaintiffs have not even pled that SCM ever sold a Certificate to Plaintiffs. Instead, SCM's co-underwriter, UBS, sold the Certificate. Thus, Plaintiff certainly cannot demonstrate that SCM benefitted at Plaintiffs' expense. With respect to Plaintiffs' aiding and abetting claim, Plaintiffs have pled no facts demonstrating that SCM had knowledge of an existing fraud and substantially assisted in that fraud.

**Deutsche Bank Securities Inc.**

Defendant Deutsche Bank Securities Inc. ("DBS") served as an underwriter in connection with Plaintiffs' purchase of Certificates from the RALI 2006-QS18 and RALI 2006-QS2 Offerings. Plaintiffs assert claims against DBS for common law fraud, aiding and abetting,

4

unjust enrichment, and violations of Sections 10(b), 20(a), and 20(b) of the Exchange Act arising out of that transaction. Plaintiffs allege that DBS in its role as underwriter, edited, drafted, and controlled the RALI 2006-QS18 and RALI 2006-QS2 Trusts' Offering Materials. Plaintiffs contend that those Offering Materials contained the five categories of misrepresentations allegedly made by every Defendant in this litigation.

Plaintiffs have not adequately alleged Exchange Act or common law fraud claims against Defendant DBS because they have not pled any facts with particularity to demonstrate DBS's scienter. Plaintiffs allege that Deutsche Bank "knew or was reckless in not knowing" of the defective loans underlying the Certificates because it performed due diligence. However, Plaintiffs do not allege what diligence was done. Plaintiffs also allege that the Clayton Report demonstrates DBS's knowledge of defective underwriting, but as discussed in this Court's March 29, 2013 opinion dismissing identical claims against Credit Suisse, allegations that DBS received diligence from Clayton and waived in a percentage of loans does not compel an inference of scienter with respect to these securitizations. Plaintiffs' allegations that DBS was "betting against RMBS" are presented without any context, lack particularity, and thus cannot be the basis for a finding of scienter.

Plaintiffs aiding and abetting and unjust enrichment claims against RBS Securities also fail. With respect to Plaintiffs' unjust enrichment claims, Plaintiffs have plead no facts to demonstrate any culpable conduct on the part of RBS Securities demonstrating that RBS Securities benefited at Plaintiffs' expense. With respect to RBS Securities' aiding and abetting claim, Plaintiffs have pled no facts demonstrating that RBS had knowledge of an existing fraud and substantially assisted in that fraud.

Plaintiffs' common theme and refrain is that everyone involved in the sale of residential mortgage backed securities must have been complicit in fraud. More specific factual allegations with regard to each individual defendant are required to state a separately sustainable cause of action.

## CONCLUSION

Defendant RBS Securities' Motion to Dismiss is GRANTED. Defendant Sun Capital Markets, Inc.'s Motion to Dismiss is GRANTED. Defendant Deutsche Bank Securities, Inc. Motion to Dismiss is GRANTED.

Dated: New York, New York
      March 29, 2013

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

MAR 29 2013