UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

THE UNION CENTRAL LIFE INSURANCE
COMPANY, AMERITAS LIFE INSURANCE
CORP., and ACACIA LIFE INSURANCE,

                        Plaintiffs,

   -against-

ALLY FINANCIAL, INC., RESIDENTIAL
FUNDING SECURITIES, LLC, RESIDENTIAL
CAPITAL LLC, RESIDENTIAL FUNDING
COMPANY LLC, RESIDENTIAL ACCREDIT
LOANS, INC., CITIGROUP, INC., CITIGROUP
GLOBAL MARKETS, INC., CITIMORTGAGE,
INC., CITIGROUP GLOBAL MARKETS
REALTY CORP., CITIGROUP MORTGAGE
SECURITIES, INC. CITIGROUP MORTGAGE
LOAN TRUST, INC., DEUTSCHE BANK
SECURITIES, INC., GOLDMAN, SACHS & CO.,
GS MORTGAGE SECURITIES CORP.,
GOLDMAN SACHS MORTGAGE COMPANY,
HSBC SECURITIES (USA) INC., INDYMAC
RMBS, INC., MORGAN STANLEY, MORGAN
STANLEY & CO., INC., MORGAN STANLEY
CAPITAL I INC., RBS SECURITIES, INC.,
SUNTRUST CAPITAL MARKETS, INC., UBS
AG, UBS SECURITIES LLC, MORTGAGE
ASSET SECURITIZATION TRANSACTIONS,
INC., WAMU CAPITAL CORP., WASHINGTON
MUTUAL MORTGAGE SECURITIES CORP.,
RANDALL COSTA, DOUGLAS R. KRUEGER,
BRUCE J. PARADIS, and DANIEL L. SPARKS,

                        Defendants.

------------------------------------- X

ORDER

11 Civ. 2890 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 29 2013

GEORGE B. DANIELS, District Judge:

    Plaintiffs, the Union Central Life Insurance Company, Ameritas Life Insurance Corp., and Acacia Life Insurance Company, bring this and a related action[1] seeking to recover losses

---

[1] See The Union Central Life Insurance Co. v. Credit Suisse (USA) LLC, 11 Civ. 2327 (GBD). The relevant standards and background of this litigation are laid out in this Court's March 29, 2013 opinion in that matter.

stemming from their purchase of residential mortgage-backed securities ("RMBS" or, the "Certificates") between 2005 and 2007. Plaintiffs allege that a number of Defendant financial institutions engaged in an industry-wide fraud to profit from the sale of RMBS to unsuspecting investors. Plaintiffs contend that Defendants, which include loan originators, depositors, and Certificate underwriters made materially false and misleading statements regarding the quality and riskiness of Certificates which Plaintiffs purchased, and that those statements were included in Registration Statements, Prospectus Supplements, and other documents filed with the United States Securities and Exchange Commission ("SEC"). Plaintiffs allege that each of the Defendants made misrepresentations about (1) originators' use of underwriting guidelines to originate the loans underlying the RMBS; (2) owner-occupancy rates of loan properties; (3) the appraisals of properties underlying the loans and corresponding LTV ratios; (4) borrowers' DTI ratios; and (5) the Certificates' investment ratings. Plaintiffs contend that they relied on Defendants' representations in purchasing the Certificates, and suffered considerable losses when the value of the all of their Certificates plummeted.

This Order addresses the pending motions to dismiss of Defendants Bruce J Paradis; Mortgage Asset Securitization Transactions, Inc., UBS AG, UBS Securities, LLC; Ally Financial, Inc.; and Residential Funding Securities, LLC.

## RALI Defendants

Defendant Ally Financial is the parent company of Residential Capital LLC, Residential Funding Company, LLC, and Residential Accredit Loans, Inc.,[2] which were each involved in the

---

[2] Residential Capital LLC, Residential Funding Company, LLC, and Residential Accredit Loans, Inc. were originally defendants in this action. These entities filed bankruptcy in May 2012, which stayed this action against them. Subsequently, Plaintiffs voluntarily dismissed their claims against them.

2

origination, servicing, and pooling of mortgage loans for the RALI Trusts.[3]  Defendant Ally Securities LLC,[4] acted as an underwriter for seven of the eight RALI Trusts.  Defendant Bruce Paradis was the president, CEO, and a director of Residential Accredit and signed the Forms S-3 comprising part of the Registration Statements pursuant to the offerings of the RALI Trusts.  Ally Financial, Ally Securities, and Bruce Paradis are collectively referred to as RALI in the Amended Complaint.

Plaintiffs generally allege, without distinguishing which defendant engaged in any specific conduct, that the RALI defendants pooled mortgage loans and sold certificates for the RALI Trusts.  Much of the conduct alleged is that of the three entities which filed for bankruptcy.  Plaintiffs allege that the RALI Defendants, again without distinguishing individual defendant conduct, made the five categories of misrepresentations which Plaintiffs allege every Defendant in this litigation made.  Plaintiffs bring claims against the RALI Defendants for common law fraud, aiding and abetting, unjust enrichment, and violations of Sections 10(b) of the Exchange Act and Rule 10b-5, in connection with each defendant's role in the RALI transactions.  Plaintiffs also bring claims against Ally Financial and Bruce Paradis for violations of Sections 20(a) and 20(b) of the Exchange Act.

Plaintiffs have not adequately alleged Exchange Act or common law fraud claims against the RALI Defendants because they have not pled any facts with particularity to demonstrate RALI's scienter.[5]  Plaintiffs alleged that the RALI Defendants "knew, or [were] reckless in not

---

[3] The eight RALI Trusts are laid out in paragraph 51 of the Amended Complaint.

[4] In the Amended Complaint, Defendant Ally Securities is referred to by its former name, Residential Funding Securities, LLC.

[5] Plaintiffs' allegations also fail for lack of particularity and failure to allege misstatements.  Plaintiffs do not state facts that support their allegations that the originators which RALI used abandoned their underwriting standards—

knowing" that the statements regarding the loans underlying the Certificates were materially false and misleading because they "had access to the detailed loan tapes and actual loan files." Those allegations, which do not identify which defendant knew what, and how they knew it, are wholly conclusory and do not meet the requirements of 9(b) or the PSLRA.

Plaintiffs' additional allegations regarding the RALI Defendants' alleged knowledge and intent also fail to demonstrate scienter. For example, Plaintiffs allege that Ally Financial admitted in 2011 in its Form-10K that its underwriting practices were inadequate because it stated that "its exposure to mortgage representation and warranty claims is most significant for loans originated and sold between 2004 through 2008 . . . prior to enhanced underwriting standards and risk-mitigation actions implemented in 2008 and forward." Ally Financial's 2011 "admission" provides absolutely no indication that Defendants knew that any misstatements were being made when the Certificates were sold to Plaintiffs. Plaintiffs also claim that the RALI Defendants' position as a source of warehouse lines of credit to lenders gave it unique knowledge of the conditions under which the mortgage loans were originated, and allowed the RALI Defendants to control origination practices of lenders. Plaintiffs' statements regarding warehouse lending are unavailing because they do not allege which loan originators the RALI Defendants worked with, whether or not those originators were the same parties which instituted loans underlying the RALI trusts, and what "unique knowledge" the RALI Defendants would have obtained from their warehouse lending. Plaintiffs' citation to a number of lawsuits and government investigations involving the RALI Defendants also provides no evidence of scienter.

Plaintiffs' aiding and abetting and unjust enrichment claims against the RALI Defendants also fail. With respect to Plaintiffs' unjust enrichment claim, Plaintiffs have pled no facts to

---

they just state that no underwriting standards were followed and cite as support that other Plaintiffs in other cases have alleged the same.

4

demonstrate any culpable conduct on the part of the RALI Defendants demonstrating that the RALI Defendants benefited at Plaintiffs' expense. With respect to the aiding and abetting claim against the RALI Defendants, Plaintiffs have pled no facts demonstrating that the RALI Defendants had knowledge of an existing fraud and substantially assisted in that fraud.

### UBS Defendants

Defendant MASTR served as depositor in connection with Plaintiffs' purchase of Certificates in three offerings, namely MASTR 2005-1, MASTR 2005-2, and MASTR 2006-1. Defendant UBS Securities served as underwriter in connection with the MASTR offerings as well as with Plaintiffs' purchase of Certificates in offerings RALI 2005-QS7, RALI 2005-QS9, RALI 2005-QA9, IMJA 2007-A1, and CMSI 2007-5. UBS Securities and MASTR are direct or indirect subsidiaries of Defendant UBS AG. Plaintiffs refer to MASTR, UBS Securities, and defendant UBS AG collectively as the "UBS Defendants" throughout the Amended Complaint.

Plaintiffs assert claims against the UBS Defendants for common law fraud, aiding and abetting, and unjust enrichment in connection with each defendant's role in the relevant transactions. Plaintiffs also assert claims against UBS Securities for violations of Sections 20(a), 20(b), and 10(b) of the Exchange Act and Rule 10b-5, in connection with its role as underwriter on two of the RALI offerings.

Plaintiffs have not adequately alleged common law fraud claims[6] against the UBS Defendants because they have not pled any facts with particularity to demonstrate the UBS Defendants' knowledge of the falsity of any statements made, or an intent to deceive Plaintiffs. As with several defendants in this matter, Plaintiffs plead conclusorily that the UBS "knew or was reckless in not knowing" the falsity of their statements because of diligence performed.

---

[6] Plaintiffs' Exchange Act claims against UBS Securities fail for the same reasons.

Plaintiffs also allege that the Clayton Report demonstrates the UBS Defendants' knowledge of defective underwriting, but as discussed in this Court's March 29, 2013 opinion dismissing identical claims against Credit Suisse, general allegations that the UBS Defendants received diligence from Clayton and waived in a percentage of loans does not compel an inference of scienter with respect to these securitizations. These conclusory allegations cannot support Plaintiffs' common law fraud claim.

Plaintiffs' allegation that the UBS Defendants had a motive to grow profits and generate commissions is also totally insufficient to demonstrate scienter. Plaintiffs' citation to another lawsuit against the UBS Defendants, and a Swiss regulator's investigation of UBS, in which it admitted that "its [own] losses in the United States subprime mortgage market were due to a litany of errors including inadequate risk management and a focus on revenue growth," also provide no evidence of scienter.

Plaintiffs aiding and abetting and unjust enrichment claims against the UBS Defendants also fail. With respect to Plaintiffs' unjust enrichment claims, Plaintiffs have plead no facts to demonstrate any culpable conduct on the part of the UBS Defendants demonstrating that the UBS Defendants benefited at Plaintiffs' expense. With respect to the aiding and abetting claims against the UBS Defendants, Plaintiffs have pled no facts demonstrating that the UBS Defendants had knowledge of an existing fraud and substantially assisted in that fraud.

## CONCLUSION

Defendant Bruce J. Paradis's Motion to Dismiss [ECF No. 191] is GRANTED. Defendant Ally Financial, Inc.'s Motion to Dismiss [ECF No. 218] is GRANTED. Defendant Residential Funding Securities, LLC's Motion to Dismiss [ECF No. 220] is GRANTED. The UBS Defendants' Motion to Dismiss is GRANTED [ECF No. 204] is GRANTED.[7]

Dated: New York, New York
      March 29, 2013

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

MAR 29 2013

---

[7] Having requested leave to amend in the event of dismissal, Plaintiffs may file a letter motion to amend which attaches a proposed amended complaint within sixty (60) days of this Order, if amendment would not be futile. Defendants shall respond to any letter motion to amend within 30 days.

7