UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| THE UNION CENTRAL LIFE INSURANCE COMPANY, AMERITAS LIFE INSURANCE CORP., and ACACIA LIFE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> -against- <br><br> ALLY FINANCIAL, INC., *et al.*, <br><br> Defendants. | No. 11-cv-2890 (GBD) <br><br> ECF Case |

## ORDER OF VOLUNTARY DISMISSAL WITH PREJUDICE AND BAR ORDER

WHEREAS, the Court has been informed that Plaintiffs The Union Central Life Insurance Company, Ameritas Life Insurance Corp., and Acacia Life Insurance Company (collectively, "Plaintiffs"), on the one hand, and UBS AG, UBS Securities LLC, and Mortgage Asset Securitization Transactions, Inc. (collectively, "UBS"), on the other hand (together, the "Settling Parties," and each a "Settling Party"), have reached a settlement and entered into a Settlement Agreement in connection with the above-captioned action (the "Action"); and

WHEREAS, the Settling Parties have moved this Court for entry of an order of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) and/or 21 dismissing the Action, and all claims therein, as against UBS only, with prejudice and without costs, and providing for an order barring claims by the remaining, non-settling defendants in this Action and any other alleged joint tortfeasors for contribution or indemnity; and

WHEREAS, for good cause shown, and upon due consideration of the Settling Parties' motion for entry of this Order of Voluntary Dismissal with Prejudice and Bar Order;

IT IS ORDERED that Plaintiffs' Amended Complaint filed on May 4, 2012 (the "Amended Complaint"), and all claims contained therein, is hereby dismissed with prejudice and without costs as against UBS only;

IT IS FURTHER ORDERED that Plaintiffs' letter motion seeking leave to file its Second Amended Complaint dated May 28, 2013 is denied as moot insofar as it relates to UBS only;

IT IS FURTHER ORDERED that (a) each of the other current or former non-settling defendants in the Action, including but not limited to Ally Financial Inc., Residential Funding Securities, LLC, Residential Capital LLC, Residential Funding Company, LLC, Residential Accredit Loans, Inc., Citigroup Inc., Citigroup Global Markets Inc., CitiMortgage, Inc., Citigroup Global Markets Realty Corp., Citicorp Mortgage Securities, Inc., Citigroup Mortgage Loan Trust Inc., Deutsche Bank Securities Inc., Goldman, Sachs & Co., GS Mortgage Securities Corp., Goldman Sachs Mortgage Company, HSBC Securities (USA) Inc., IndyMac RMBS, Inc., Morgan Stanley, Morgan Stanley & Co. Incorporated, Morgan Stanley Capital I Inc., RBS Securities Inc., SunTrust Capital Markets, Inc., WaMu Capital Corp., Washington Mutual Mortgage Securities Corp., Randall Costa, Douglas R. Krueger, Bruce J. Paradis and Daniel L. Sparks, and; (b) any other person or entity later named as a defendant in this Action; and (c) any other person or entity that becomes liable to Plaintiffs, or to any current non-settling defendant in this Action, by reason of judgment or settlement of any claim that was asserted or that could have been asserted against UBS in this Action relating to or arising out of a Covered Security[1] (collectively, the "Non-Settling Defendants"), are hereby permanently BARRED, ENJOINED

---

[1] A "Covered Security" means all certificates of RMBS issued, sponsored, or underwritten by UBS and sold to Union Central from January 1, 2004 to December 31, 2008, including but not limited to MASTR Asset Securitization Trust 2005-1, MASTR Asset Securitization Trust 2005-2, MASTR Asset Securitization Trust 2006-1, Citicorp Mortgage Securities Trust Series 2007-5, IndyMac IMJA Mortgage Loan Trust 2007-A1, RALI Series 2005-QA9 Trust, RALI Series 2005-QS7 Trust, and RALI Series 2005-QS9 Trust.

2

and RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise) against UBS, its present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, insurers (but not affecting any obligation owed to UBS by any insurer), and agents of each of them, and the predecessors, heirs, successors and assigns of each (collectively, the "Settling Defendants"), that seeks to recover from UBS any part of any judgment entered against the Non-Settling Defendants and/or any settlement reached with any of the Non-Settling Defendants, in connection with any claims relating to a Covered Security that are or could have been asserted against the Non-Settling Defendants in this Action or that arise out of or relate to any such claims that are or could have been asserted in this Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere;

IT IS FURTHER ORDERED that UBS is hereby permanently BARRED, ENJOINED AND RESTRAINED from commencing, prosecuting, or asserting any claim for contribution or indemnity (whether styled as a claim for contribution, indemnity or otherwise) against any of the Non-Settling Defendants that seeks to recover any part of the settlement payment to be made by UBS to Plaintiffs in connection with the settlement of this Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Action, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States;

IT IS FURTHER ORDERED that the Plaintiffs shall provide any Non-Settling Defendant against which it obtains a judgment on claims related to any or all of the following securitizations: MASTR Asset Securitization Trust 2005-1, MASTR Asset Securitization Trust 2005-2, MASTR Asset Securitization Trust 2006-1, Citicorp Mortgage Securities Trust Series 2007-5, IndyMac IMJA Mortgage Loan Trust 2007-A1, RALI Series 2005-QA9 Trust, RALI Series 2005-QS7 Trust, and RALI Series 2005-QS9 Trust, a judgment credit in an amount that is the greater of (a) the amount of Plaintiffs' settlement with UBS in this Action allocated to the relevant security, as reflected on the confidential schedule attached to the Settling Parties' settlement agreement as Confidential Exhibit B (the "Confidential Schedule"), or (b) for each such claim, state or federal, on which contribution or indemnity is available, the proportionate share of UBS's fault as proven at trial;

IT IS FURTHER ORDERED that the Confidential Schedule shall not be disclosed, directly or indirectly, to any person other than to a court of competent jurisdiction and necessary court personnel;

IT IS FURTHER ORDERED that this Court finds there is no just reason for delay and directs that final judgment be entered pursuant to Federal Rule of Civil Procedure 54(b) dismissing the claims against UBS with prejudice and without costs pursuant to Rule 21 and/or 41(a)(2).

IT IS FURTHER ORDERED that UBS shall bear its own costs, and Plaintiff shall bear the proportion of the costs it has incurred in the Action solely attributable to UBS's presence in the Action.  This order does not affect Plaintiff's claims for costs and fees against the Non-Settling Defendants in this Action.

\*   \*   \*

**ORDER**

IT IS SO ORDERED.

DATED: APR 22 2014

_____
THE HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE